IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NED MITCHELL, | ] |
| Plaintiff, | ] ] ] |
| vs. | ]   NO. 21-CV_____ |
| BRIAN VAN EYCKE, RYAN WHITE, and THE CITY OF SESSER, | ] ] ] ] |
| Defendants. | ] ] |

COMPLAINT
FALSE ARREST — FALSE PROSECUTION
42 U.S.C. § 1983

PRELIMINARY STATEMENT

This is a civil rights action under 42 U.S.C. § 1983 of the United States Code commenced by the Plaintiff, a resident of the City of Sesser, Illinois, for the violation of his United States Constitutional rights by the Defendants, Ryan White and Brian Van Eycke and the City of Sesser, Illinois. More specifically, suit is filed for false search, arrest, and prosecution of the Plaintiff without probable cause to do so. In this suit, Plaintiff is seeking compensatory damages, punitive damages, attorney fees, litigation costs and a trial by jury.

JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit as to the 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1343. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has jurisdiction over Plaintiffs claims for injunctive relief and damages. Pursuant to 42 U.S.C. § 1988, this Court has jurisdiction over Plaintiffs claims for costs and attorney fees.

2. Venue lies pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

THE PARTIES

3. The Plaintiff, Ned Mitchell ("Mitchell"), is an adult who resides in the City of Sesser, Illinois.

4. Defendant, Brian Van Eycke ("Van Eycke"), is and was at all relevant times a police officer employed by the City of Sesser, Illinois. As to all events alleged in this Complaint, Brian Van Eycke, was acting under the color of law. Defendant Brian Van Eycke in his individual capacity.

5. Defendant, Ryan White ("White"), is and was at all relevant times the Chief of Police for the City of Sesser, Illinois. At all relevant times White was acting under the color of law. White is being sued in his individual capacity.

6. Defendant the City of Sesser, Illinois, is a municipal corporation duly promulgated under the laws of the State of Illinois. As such it has the capacity to sue and be sued.

## FACTUAL ALLEGATIONS

7. Prior to January 15, 2021, both White and Van Eycke had developed a deep-seated hostility toward Mitchell because, among other things:

   A) Mitchell and Van Eycke had previously had a landlord tenant relationship where Mitchell was the landlord and Van Eycke was the tenant. Mitchell locked Van Eycke out of an apartment, and Van Eycke brought suit against Mitchell and Mitchell filed a counter-suit. The suit was dismissed with prejudice in March of 2010.

   B) When Mitchell was serving as Mayor of Sesser Van Eycke was a police officer working for the City of Sesser. He was accused of driving a police vehicle without a valid license. Rather than be discharged, Van Eycke resigned under

pressure from the by the Merit Board. Van Eycke knew that Mitchell supported the result. This occurred prior the year 2000.

C) While Mitchell was the Mayor of the City of Sesser, White was an police officer working in the City of Sesser. He was forced to resign by the merit board for sleeping on the job. Mitchell supported this decision. This occurred prior to the year 2000.

D) Since these events White and Van Eycke have been Mitchell's political enemies.

## COUNT I
## VIOLATION OF CIVIL RIGHTS

8. On or about January 15, 2019, Van Eycke and White provided a statement to the Franklin County Circuit Court which resulted in Mitchell's residence being searched. As a result of the search, a Grand Jury was convened and Van Eycke was the sole witness before the Grand Jury.

9. Criminal charges were filed against Mitchell which are pending.

10. Van Eycke's and White's statements in support of the search warrant, Van Eycke's testimony to the Grand Jury were either knowingly false or made with willful indifference to the truth.

11. White's and Van Eycke's statements consisted of the following:

A) That a gun was found in Mitchell's home that had been registered to Mitchell;

B) That a party to an illegal transaction for the sale of Fentanyl had told him that the Fentanyl had been purchased at Mitchell's home;

C) That a party to an illegal transaction for the sale of Fentanyl had told him that Mitchell was present at the time of the purchase;

12. As direct and proximate cause of White's and Van Eycke's statements, Mitchell's home was searched, he was placed under arrest, and he was indicted by the Grand Jury.

13. Mitchell's home would not have been searched, he would not have been arrested, and he would not have been prosecuted if Van Eycke has been truthful as to his statements and testimony.

14. Said search, arrest, and prosecution, was conducted in violation of the 14th Amendment to the United States Constitution.

15. As a further direct, proximate and substantial result of the Van Eycke's actions, Mitchell:

A) Suffered mental and emotional distress, anxiety, anguish, embarrassment, and humiliation;

B) He was forced to expend considerable funds in attorney fees in the false prosecution;

WHEREFORE, Plaintiff prays for damages against Van Eycke and White as follows:

A) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

B) Damages for the attorney fees incurred in defending the criminal charges;

C) Punitive damages as determined by this Court but in no event less than $150,000.00;

D) For his reasonable attorney fees;

E)   For his costs of suit;

F)   For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: February 13, 2021

SS// Darrell Dunham
Darrell Dunham
Attoreney at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805
darrell.dunham@gmail.com

## COUNT II
### 42 U.S.C. §1983
### *Monell* Claim Against City of Sesser

Now Comes the Plaintiff, and for Count II of his Complaint against the Defendant, City of Sesser, he says:

16. He incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 15 of the Complaint.

17. The constitutional violations detailed above were the official policy of the City of Sesser in that the constitutional violations were a result of the Chief of Police for the City of Sesser, Illinois, who was the policy maker for the City of Sesser, Illinois, with regard to decisions made by the Sesser Police Department.

18. As a direct and proximate result of the above conduct, Mitchell's home was illegally searched, he was illegally arrested, and he has been the subject of a false prosecution.

WHEREFORE, Plaintiff prays for damages against Van Eycke and White as follows:

A)   Damages for emotional distress as determined by this Court but in no event less

than $25,000.00;

B) Damages for the attorney fees incurred in defending the criminal charges;

C) Punitive damages as determined by this Court but in no event less than $150,000.00;

D) For his reasonable attorney fees;

E) For his costs of suit;

F) For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: February 13, 2021

SS// Darrell Dunham
Darrell Dunham
Attoreney at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805
darrell.dunham@gmail.com

## COUNT III
## 42 U.S.C. §1983
## CONSPIRACY
## LODGED AGAINST WHITE AND VAN EYCKE

Now Comes the Plaintiff, and for Count III of his Complaint against the Defendant, City of Sesser, he says:

19. He incorporates herein as if fully stated herein the allegations set forth in paragraphs 1 through 15 of the Complaint.

20. Prior to January 25, 2021, White and Van Eycke, pursuant to their enmity and dislike for Mitchell reached an understanding and plan to bring criminal charges against Mitchell whenever and opportunity would present itself;

21. On or about January 15, 2019, the opportunity presented itself when Van Eycke interviewed an individual who had claimed to have purchased a controlled substance, i.e. Fentanyl.

22. Pursuant to said plan and agreement, White and Van Eycke, made false statements and testimony as set forth in paragraph 11 above.

23. As a direct and proximate result of the above conduct, Mitchell's home was illegally searched, he was illegally arrested, and he has been the subject of a false prosecution.

WHEREFORE, Plaintiff prays for damages against White and Van Eycke as follows:

A) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

B) For compensatory damages to be determined by this Court, but in no event less than $750,000.00;

C) Punitive damages as determined by this Court but in no event less than $1,500,000.00.

D) For his reasonable attorney fees.

E) For his costs of suit.

F) For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: February 13, 2021

SS// Darrell Dunham
Darrell Dunham
Attoreney at Law
308 West Walnut Street
Carbondale, IL 62901
618-549-9800
Fax: 618-549-9805
darrell.dunham@gmail.com